PREET BHARARA
United States Attorney for the
Southern District of New York
By: ELLEN BLAIN
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Telephone: (212) 637-2743
Facsimile: (212) 637-2730
E-mail: ellen.blain@usdoj.gov

13 MISC 0060

©COPY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x
IN RE:                           :
                                 :   DECLARATION OF
                                 :   ELLEN BLAIN
                                 :
LETTER ROGATORY REQUEST FOR      :
INTERNATIONAL JUDICIAL           :   M 10-7
ASSISTANCE FROM THE COURT OF     :
FIRST INSTANCE IN COMMERCIAL     :
MATTERS NO. 8, BUENOS AIRES,     :
ARGENTINA IN THE MATTER OF       :
ROSARIOS, ANDRÉS DARÍO V.        :
HOTUSA S.A. ARGENTINA ET AL.     :
                                 :
------------------------------x

        I, ELLEN BLAIN, pursuant to 28 U.S.C. § 1746, declare as

follows:

        1.   I am an Assistant United States Attorney in the

Office of the United States Attorney for the Southern District of

New York, counsel for the United States of America (the

"Government"). I make this declaration upon information and belief

based upon the attached exhibits and communications with personnel

in the United States Department of Justice, to which a letter

rogatory request has been transmitted for execution. I make this

declaration in support of the Government's request, pursuant to 28

U.S.C. § 1782(a)[1], for an order appointing me as a Commissioner for the purpose of obtaining information from BANK OF NEW YORK MELLON.

2.    In connection with a proceeding captioned, "Rosarios, Andrés Darío v. HotUSA S.A. Argentina et al.," and pending in the Court of First Instance in Commercial Matters No. 8, Buenos Aires, Argentina (the "Argentine Court"), the Argentine Court issued a letter rogatory request seeking information from BANK OF NEW YORK MELLON.    A true and correct copy of the letter rogatory

---

[1]    Section 1782(a) provides, in pertinent part, as follows:

The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation.    The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court.    By virtue of his appointment, the person appointed has power to administer any necessary oath and take the testimony or statement.    The order may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing.    To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

request is attached hereto as Exhibit A.

3. A subpoena addressed to BANK OF NEW YORK MELLON, Legal Department, 1 Wall Street, New York, NY 10005, which the Government intends to serve upon my appointment as Commissioner is attached hereto as Exhibit B.

4. In order to assist the Argentine Court in obtaining the requested information, I respectfully request that this Court appoint me as Commissioner as proposed in the ex parte order attached hereto as Exhibit C. No previous application for the relief sought herein has been made.

I declare under penalty of perjury that the foregoing is true and correct.

WHEREFORE, the United States respectfully requests that this Court enter the attached Order.

Dated:  New York, New York
        February 20, 2013

                                    _____
                                    ELLEN BLAIN
                                    Assistant United States Attorney

A

EXHORTO

EL SEÑOR JUEZ A CARGO DEL JUZGADO NACIONAL DE
PRIMERA INSTANCIA EN LO COMERCIAL N° 8 DE LA CIUDAD
AUTÓMOMA DE BUENOS AIRES, REPUBLICA ARGENTINA, Dr.
Javier Cosentino .-------------------------------------------------------
AL SEÑOR JUEZ DE IGUAL CLASE EN TURNO CON
JURISDICCION EN LA CIUDAD DE NUEVA YORK, ESTADOS
UNIDOS DE NORTEAMERICA ------------------------------------------
SALUDA, EXHORTA Y HACE SABER: -----------------------------
---Que ante el Juzgado Nacional de Primera Instancia en lo Comercial N°
8 de la Ciudad Autónoma de Buenos Aires a mi cargo, Secretaría N° 15 a
cargo de la Dra. Adriana Milovich, con asiento en Libertad 533, Planta
baja, Ciudad Autónoma de Buenos Aires, tramitan los autos caratulados
"ROSARIOS, Andrés Darío y otro c/HOTUSA S.A. ARGENTINA y
otros s/Ordinario", expte. Nro. 091.343, en los que se ha ordenado el
libramiento del presente exhorto diplomático, a fin de solicitarle se sirva
dar cumplimiento a la medida requerida en el mismo.-----------------------
---La medida requerida es la siguiente: Se libre oficio al Banco de Nueva
York (Bank of New York Mellon), con domicilio en 1 Wall Street
Nueva York, NY 1005, a fin de que se sirva informar si por su
intermedio se transfirió a MLBS bajo el "CODENAME RIOBE"
Enriqueta Rosarios de Betesh, Cliente 109777-20230, detalle de pago
acciones no cotizadas, la suma de u$s 9.100.000 con fecha 17.9.2007 o
en los días subsiguientes.--------------------------------------------------
---Las resoluciones que ordenan el presente dice en su parte pertinente:
"Buenos Aires, 2 de marzo de 2012. Y VISTOS: ...Líbrense exhortos
diplomáticos a fin de requerir informes a: ... Banco de New York... Fdo.:
Dr. Javier Cosentino. Juez". "Buenos Aires, 20 de marzo de 2012. ...

ROSANA M
TRADUCTORA PÚ
T° X. F
MAT. N°

JUZG. COMERC. 8
SEC. 15

29 MAR 12 *12 10

FIRMADEL LIBRADO
COPIAS CONSTE

CERVINI
ILICA EN INGLÉS
°449
'3117



Ténganse presente los domicilios denunciados y déjese constancia en los exhortos a librarse. Fdo. Dra. Adriana Milovich. Secretaria".

----Se deja constancia que queda autorizada para el diligenciamiento del presente exhorto la Dra. Beatriz N. Ostrovsky y/o la persona a quien ella designe. ---------------------------------------------------------------------

----Se deja constancia que el Juzgado es competente para entender en la causa en razón de la materia y territorio.----------------------------------------

---RUEGA Y EXHORTA A V.S. EL DEBIDO CUMPLIMIENTO DE LA PRESENTE ROGATORIA, OFRECIENDO RECIPROCIDAD PARA CASOS ANALOGOS. ------------------------------------------------

----DADO, FIRMADO Y SELLADO EN LA SALA DE MI PÚBLICO DESPACHO EN LA CIUDAD DE BUENOS AIRES, A LOS NUEVE DIAS DEL MES DE ABRIL DE 2012.------------------

ADRIANA MILOVICH
SECRETARIA

JAVIER J. COSENTINO
JUEZ

El Presidente de la Excma. Cámara Nacional de Apelaciones en lo Comercial de la Capital Federal, República Argentina, certifica que la firma y sello que anteceden coinciden con los registrados ante este Tribunal por el señor Juez Nacional en lo Comercial, doctor Javier J. Cosentino. Buenos Aires, 16 de abril de 2012.-- - - - - - - - - - - - - -

Miguel F. Bargalló
Presidente



# COLEGIO DE TRADUCTORES PÚBLICOS
# DE LA CIUDAD DE BUENOS AIRES

REPÚBLICA ARGENTINA
LEY 20.305

## LEGALIZACIÓN

Por la presente, el *COLEGIO DE TRADUCTORES PÚBLICOS DE LA CIUDAD DE BUENOS AIRES*,

en virtud de la facultad que le confiere el artículo 10, inc.d) de la ley 20.305, certifica únicamente que

la firma y el sello que aparecen en la traducción adjunta concuerdan con los correspondientes

al/la Traductor/a Público/a CERVINI, ROSANA MARÍA

que obran en los registros de esta institución en el folio 449 del Tomo 10 en el idioma    INGLES

Legalización Número:    27671

Buenos Aires, 15/05/2012



MARCELO F. SIGALOFF
Gerente de Legalizaciones
Colegio de Traductores Públicos
de la Ciudad de Buenos Aires

ESTA LEGALIZACIÓN NO SE CONSIDERARÁ VÁLIDA SIN EL CORRESPONDIENTE
TIMBRADO DE CONTROL EN LA ÚLTIMA HOJA DE LA TRADUCCIÓN ADJUNTA

Control Interno: 12039727671

Av. Corrientes 1834 - C1045AAN - Ciudad Autónoma de Buenos Aires - 4373-7173 y líneas rotativas

THE *COLEGIO DE TRADUCTORES PÚBLICOS DE LA CIUDAD DE BUENOS AIRES* (Sworn translators association of the city of Buenos Aires) pursuant to 20305 act, section 10, subsection d, hereby certifies that the signature and the seal on the translation attached hereto match the signature and seal of the Sworn Translator (Traductor Público) in our files.

THIS CERTIFICATION IS NOT VALID WITHOUT THE PERTINENT CONTROL STAMP ON THE LAST PAGE OF THE TRANSLATION ATTACHED HERETO.

Vu par le *COLEGIO DE TRADUCTORES PÚBLICOS DE LA CIUDAD DE BUENOS AIRES* (Ordre de Traducteurs Officiels de la ville de Buenos Aires), en vertu des attributions que lui ont été accordées par l'article 10, alinéa d) de la Loi n° 20.305, pour la seule légalisation matérielle de la signature et du sceau du Traductor Público (Traducteur Officiel) apposés sur la traduction du document ci-joint, qui sont conformes à ceux déposés aux archives de cette Institution.

LE TIMBRE APPOSÉ SUR LA DERNIÈRE PAGE DE LA TRADUCTION FERA PREUVE DE LA VALIDITÉ DE LA LÉGALISATION.

Con la presente il *COLEGIO DE TRADUCTORES PÚBLICOS DE LA CIUDAD DE BUENOS AIRES* (Collegio dei Traduttori Giurati della Città di Buenos Aires) ai sensi della facoltà conferitagli dall'articolo 10, comma d), della Legge 20.305, CERTIFICA, esclusivamente, la firma ed il timbro del Traductor Público (Traduttore Giurato), apposti in calce alla qui unita traduzione, in conformità alla firma ed al timbro depositati nei propri registri.

LA PRESENTE LEGALIZZAZIONE SARÀ PRIVA DI VALIDITÀ OVE NON VENGA TIMBRATA NELL' ULTIMO FOGLIO DELLA TRADUZIONE.

Através da presente, o *COLEGIO DE TRADUCTORES PÚBLICOS DE LA CIUDAD DE BUENOS AIRES* (Colégio de Tradutores Públicos da Cidade de Buenos Aires), no uso de suas atribuições, de conformidade com o artigo 10, alínea "d", da Lei 20.305, certifica unicamente que a assinatura e o carimbo do Traductor Público (Tradutor Público) que subscreve a tradução anexa conferem com a assinatura e o carimbo arquivados nos registros desta instituição.

A PRESENTE LEGALIZAÇÃO SÓ SERÁ CONSIDERADA VÁLIDA COM A CORRESPONDENTE CHANCELA MECÂNICA APOSTA NA ÚLTIMA FOLHA DA TRADUÇÃO

BEGLAUBIGUNG. Der *COLEGIO DE TRADUCTORES PÚBLICOS DE LA CIUDAD DE BUENOS AIRES* (Kammer der Vereidigten Übersetzer der Stadt Buenos Aires), kraft der Befugnisse, die ihr nach Artikel 10, Abs.d) des Gesetzes 20.305 zustehen, bescheinigt hiermit lediglich die Übereinstimmung der Unterschrift und des Siegelabdruckes auf der beigefügten Übersetzung mit der entsprechenden Unterschrift und dem Siegelabdruck des Traductor Público (VereidigtenÜbersetzers), die in den Registern dieser Institution hinterlegt worden sind.

DIESE BEGLAUBIGUNG IST NICHT GÜLTIG OHNE DEN ENTSPRECHENDEN GEBÜHRENSTEMPEL AUF DEM LETZTEN BLATT DER BEIGEFÜGTEN ÜBERSETZUNG.

DELEGA FACULTADES

ROSANA M. CER
TRADUCTORA PÚBLICA E
T° X . F°449
MAT. N° 3117

Señor Juez:

Beatriz N. Ostrovsky, letrada T° 6 F°
713, estando debidamente autorizada para diligenciar el exhorto
diplomático librado en los autos caratulados "ROSARIOS, Andrés
Darío y otro c/HOTUSA S.A. ARGENTINA y otros s/Ordinario",
expte. Nro. 091.343, vengo a delegar las facultades conferidas a favor
de la Dra. Kathleen M. Kundar, Fox Horan & Camerini LLP, 825 Third
Avenue, New York, New York 10022, 212-480-4800; 212-709-0236
(direct); 212-269-2383 (fax); 914-584-2056 (mobile); y/o a quien ella
designe, indistintamente.

Tener presente lo expuesto.

SERA JUSTICIA

BEATRIZ N. OSTROVSKY
ABOGADA
T° 6 F° 713
CAJA PREV. 2224053

CERVINI
.ICA EN INGLÉS
¹449
3117

ROSANA
TRADUCTORA P
Tª X
MAT.

------------------------------------ **TRADUCCIÓN PÚBLICA** ------------------------------------
------------------------------------**SWORN TRANSLATION**------------------------------------
-----------------------------------------------------------------------------------------------
[Upon request of the interested party, only the letter rogatory is translated.]------------------
[On the top right-hand corner there appears a seal that reads:] Court of First Instance having
jurisdiction over Commercial Matters No 8 in and for the City of Buenos Aires. --------------
-----------------------------------------------------------------------------------------------
[On the left-hand side of the page there appear a signature and a stamp that reads:] Court
having jurisdiction over Commercial Matters No 8. Court Clerk's Office No. 15. March 29,
2012. 12.10 p.m. Signature [Illegible] Copies. Be it recorded.------------------------------
-----------------------------------------------------------------------------------------------
-----------------------------------------------------------------------------------------------
------------------------------------**LETTERS ROGATORY**------------------------------------
-----------------------------------------------------------------------------------------------

I, Javier Cosentino, JUDGE IN CHARGE OF THE COURT OF FIRST INSTANCE
HAVING JURISDICTION OVER COMMERCIAL MATTERS No 8 IN AND FOR THE
CITY OF BUENOS AIRES, ARGENTINA, HEREBY RESPECTFULLY GREET,
REQUEST AND MAKE KNOWN TO THE PERTINENT COURT HAVING THE SAME
COMPETENT JURISDICTION IN AND FOR THE CITY OF NEW YORK, UNITED
STATES OF AMERICA, that the above-mentioned Court of First Instance having
jurisdiction over Commercial Matters No 8 in and for the City of Buenos Aires, Court
Clerk's Office No. 15 presided by Adriana Milovich and located at Libertad 533, Ground
Floor, City of Buenos Aires, is hearing the case entitled "ROSARIOS, Andrés Darío et
alius v. HOTUSA S.A. ARGENTINA et al. in re Ordinary Proceedings" (*ROSARIOS,
Andrés Darío y otro c/ HOTUSA S.A. ARGENTINA y otros s/Ordinario*) (File No. 091.343)
in respect of which I have decided to issue a letters rogatory for the purposes of requesting
such pertinent Court to order the performance of the following action: --------------------------
-----------------------------------------------------------------------------------------------
The respective action requested is that a Court letter be served upon Bank of New York
(Bank of New York Mellon) with offices located in 1 Wall Street New York, NY 1005
requesting the abovementioned institution to inform whether the amount of USD 9,100,000
was transferred through such institution to MLBS under "CODENAME RIOBE" Enriqueta
Rosarios de Betesh, Client No 109777-20230, non-listed shares payment detail, on
September 17, 2007 or on the following days.------------------------------------------------
The resolutions whereby issuance hereof is ordered, in their pertinent parts, state as
follows: "Buenos Aires, March 2, 2012. IT IS HEREBY ORDERED THAT Letters
Rogatory be issued for the purposes of requesting information to be provided by: Bank of
New York...Signed: Javier Cosentino. Judge" "Buenos Aires, March 20, 2012 ... The
respective domiciles established be taken into consideration and reference be made in the
Rogatory Letters to be issued. Signed: Adriana Milovich, Court Clerk." ----------------------
It is hereby established that Ms. Beatriz N. Ostrovsky and/or any other person as may be
designated thereby, is empowered to effect process of the letters rogatory. ---------------------
It is hereby established that it is the relevant Court of competent jurisdiction to hear this
case, by reason of subject-matter and venue. --------------------------------------------------
I PRAY AND REQUEST YOUR HONOR TO DULY COMPLY WITH WHAT HAS
BEEN REQUESTED IN THESE PRESENTS AND I OFFER RECIPROCITY UNDER
SIMILAR CIRCUMSTANCES.------------------------------------------------------------
GIVEN, SIGNED AND SEALED IN MY CAPACITY, IN THE CITY OF BUENOS
AIRES ON APRIL 9, 2012. ---------------------------------------------------------------
-----------------------------------------------------------------------------------------------

[There appear an illegible signature and a seal that reads:] JAVIER J. COSENTINO. JUDGE -------------------------------------------------------------------------------------
--------------------------------------------------------------------------------------------
[There appear an illegible signature and a seal that reads:] ADRIANA MILOVICH. COURT CLERK ----------------------------------------------------------------------------------
--------------------------------------------------------------------------------------------
--------------------------------------------------------------------------------------------
The Chief Judge of the Court of Appeals having jurisdiction over Commercial Matters in and for the City of Buenos Aires, Argentina, hereby certifies that the foregoing signature and seal are similar to such kept in the files of this Court pertaining to Javier J. Cosentino, Judge having jurisdiction over Commercial Matters in and for the City of Buenos Aires. --- Buenos Aires, April 16, 2012 -------------------------------------------------------------
[There follows an illegible signature] Miguel F. Bargalló. Chief Judge. -----------------------
--------------------------------------------------------------------------------------------
[There appears a seal that reads:] Court of Appeals having jurisdiction over Commercial Matters in and for the City of Buenos Aires. Argentina. -------------------------------------
--------------------------------------------------------------------------------------------
*THIS DOCUMENT, COMPOSED OF 2 (TWO) PAGES, IS A TRUE TRANSLATION into English of the second and third page in Spanish of the original document attached hereto, which I had before me and to which I refer in Buenos Aires, on May 15, 2012. -------*
*[For authentication purposes only:]-----------------------------------------------------------*
*ESTE DOCUMENTO, COMPUESTO POR 2 (DOS) PÁGINAS, ES TRADUCCIÓN FIEL al inglés de la segunda y tercera página en español del documento original adjunto que he tenido ante mí y al que me remito en Buenos Aires, a los 15 días de mayo de 2012. --*

ROSANA M. CERVINI
TRADUCTORA PÚBLICA EN INGLÉS
Tº X . Fº449
MAT. Nº 3117

COLEGIO DE TRADUCTORES PÚBLICOS
DE LA CIUDAD DE BUENOS AIRES
Corresponde a la Legalización
Nº 27671/12
CARLOS CHRISTIAN CHAVEZ

M. CERVINI
ÚBLICA EN INGLÉS
. Fº449
Nº 3117

2

----------------------------------- TRADUCCIÓN PÚBLICA -----------------------------------
------------------------------------SWORN TRANSLATION------------------------------------

POWERS ARE DELEGATED -----------------------------------------------------------------

Your Honor:------------------------------------------------------------------------------

I, Beatriz N. Ostrovsky, legal counsel registered in Book 6, Page 713, duly authorized to effect process of the letters rogatory issued in the case entitled "ROSARIOS, Andrés Darío et alius v. HOTUSA S.A. ARGENTINA et al. in re Ordinary Proceedings" (*ROSARIOS, Andrés Darío y otro c/ HOTUSA S.A. ARGENTINA y otros s/Ordinario*) (File No. 091.343) hereby delegate such powers granted to Ms. Kathleen M. Kundar, Esq., Fox Horan & Camerini LLP, 825 Third Avenue, New York, New York 10022, 212-480-4800; 212-709-0236 (Direct Line); 212-269-2383 (Fax); 914-584-2056 (Mobile) and/or any other person as may be designated thereby, indiscriminately. -------------------------------------------------

-----------------------------------------------------------------------------------------
------------------------------------------Respectfully submitted ------------------------------
-----------------------------------------------------------------------------------------

[There appears a seal that reads:] Beatriz N. Ostrovsky. Attorney-at-law. Book 6, Page 713. Pension Fund 2224053.-----------------------------------------------------------------------

*THIS DOCUMENT, COMPOSED OF 1 (ONE) PAGE, IS A TRUE TRANSLATION into English of the original Spanish document attached hereto, which I had before me and to which I refer in Buenos Aires, on May 18, 2012. ----------------------------------------------*
[For authentication purposes only:] ----------------------------------------------------
*ESTE DOCUMENTO, COMPUESTO POR 1 (UNA) PÁGINA, ES TRADUCCIÓN FIEL al inglés del documento original en español adjunto que he tenido ante mí y al que. me remito en Buenos Aires, a los 18 días de mayo de 2012. -----------------------------------*

COLEGIO DE TRADUCTORES PUBLICOS
DE LA CIUDAD DE BUENOS AIRES
Corresponde a la Legalización

N°. ...........

MAYRA FIORELLA PUGLIESE

ROSANA M. CERVINI
TRADUCTORA PÚBLICA EN INGLÉS
Tº X . Fº449
MAT. Nº 3117

1



# COLEGIO DE TRADUCTORES PÚBLICOS
# DE LA CIUDAD DE BUENOS AIRES

REPÚBLICA ARGENTINA
LEY 20.305

## LEGALIZACIÓN

Por la presente, el *COLEGIO DE TRADUCTORES PÚBLICOS DE LA CIUDAD DE BUENOS AIRES*, en virtud de la facultad que le confiere el artículo 10, inc.d) de la ley 20.305, certifica únicamente que la firma y el sello que aparecen en la traducción adjunta concuerdan con los correspondientes al/la Traductor/a Público/a CERVINI, ROSANA MARÍA

que obran en los registros de esta institución en el folio 449 del Tomo 10 en el idioma INGLES

Legalización Número: 28809

Buenos Aires, 21/05/2012

MARCELO F. SIGALOFF
Gerente de Legalizaciones
Colegio de Traductores Públicos
de la Ciudad de Buenos Aires

ESTA LEGALIZACIÓN NO SE CONSIDERARÁ VÁLIDA SIN EL CORRESPONDIENTE
TIMBRADO DE CONTROL EN LA ÚLTIMA HOJA DE LA TRADUCCIÓN ADJUNTA
Control Interno: 12102828809

Av. Corrientes 1834 - C1045AAN - Ciudad Autónoma de Buenos Aires - 4373-7173 y líneas rotativas

THE *COLEGIO DE TRADUCTORES PÚBLICOS DE LA CIUDAD DE BUENOS AIRES* (Sworn translators association of the city of Buenos Aires) pursuant to 20305 act, section 10, subsection d, hereby certifies that the signature and the seal on the translation attached hereto match the signature and seal of the Sworn Translator (Traductor Público) in our files.

THIS CERTIFICATION IS NOT VALID WITHOUT THE PERTINENT CONTROL STAMP ON THE LAST PAGE OF THE TRANSLATION ATTACHED HERETO.

Vu par le *COLEGIO DE TRADUCTORES PÚBLICOS DE LA CIUDAD DE BUENOS AIRES* (Ordre de Traducteurs Officiels de la ville de Buenos Aires), en vertu des attributions que lui ont été accordées par l'article 10, alinéa d) de la Loi n° 20.305, pour la seule légalisation matérielle de la signature et du sceau du Traductor Público (Traducteur Officiel) apposés sur la traduction du document ci-joint, qui sont conformes à ceux déposés aux archives de cette Institution.

LE TIMBRE APPOSÉ SUR LA DERNIÈRE PAGE DE LA TRADUCTION FERA PREUVE DE LA VALIDITÉ DE LA LÉGALISATION.

Con la presente il *COLEGIO DE TRADUCTORES PÚBLICOS DE LA CIUDAD DE BUENOS AIRES* (Collegio dei Traduttori Giurati della Città di Buenos Aires) ai sensi della facoltà conferitagli dall'articolo 10, comma d), della Legge 20.305, CERTIFICA, esclusivamente, la firma ed il timbro del Traductor Público (Traduttore Giurato), apposti in calce alla qui unita traduzione, in conformità alla firma ed al timbro depositati nei propri registri.

LA PRESENTE LEGALIZZAZIONE SARÀ PRIVA DI VALIDITÀ OVE NON VENGA TIMBRATA NELL' ULTIMO FOGLIO DELLA TRADUZIONE.

Através da presente, o *COLEGIO DE TRADUCTORES PÚBLICOS DE LA CIUDAD DE BUENOS AIRES* (Colégio de Tradutores Públicos da Cidade de Buenos Aires), no uso de suas atribuições, de conformidade com o artigo 10, alínea "d", da Lei 20.305, certifica unicamente que a assinatura e o carimbo do Traductor Público (Tradutor Público) que subscreve a tradução anexa conferem com a assinatura e o carimbo arquivados nos registros desta instituição.

A PRESENTE LEGALIZAÇÃO SÓ SERÁ CONSIDERADA VÁLIDA COM A CORRESPONDENTE CHANCELA MECÂNICA APOSTA NA ÚLTIMA FOLHA DA TRADUÇÃO

BEGLAUBIGUNG. Der *COLEGIO DE TRADUCTORES PÚBLICOS DE LA CIUDAD DE BUENOS AIRES* (Kammer der Vereidigten Übersetzer der Stadt Buenos Aires), kraft der Befugnisse, die ihr nach Artikel 10, Abs.d) des Gesetzes 20.305 zustehen, bescheinigt hiermit lediglich die Übereinstimmung der Unterschrift und des Siegelabdruckes auf der beigefügten Übersetzung mit der entsprechenden Unterschrift und dem Siegelabdruck des Traductor Público (VereidigtenÜbersetzers), die in den Registern dieser Institution hinterlegt worden sind.

DIESE BEGLAUBIGUNG IST NICHT GÜLTIG OHNE DEN ENTSPRECHENDEN GEBÜHRENSTEMPEL AUF DEM LETZTEN BLATT DER BEIGEFÜGTEN ÜBERSETZUNG.

B

# UNITED STATES DISTRICT COURT
for the

Southern District of New York

| | |
|---|---|
| Andrés Darío Rosarios | ) |
| *Plaintiff* | ) |
| v. | )  Civil Action No. |
| HotUSA S.A. Argentina et al. | ) |
| | )  (If the action is pending in another district, state where: |
| *Defendant* | )                                                      ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  Bank of New York Mellon
      1 Wall Street, New York, NY 10005

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: Pursuant to Letters Rogatory Request to inform us whether the amount of USD 9,100,000 was transferred through Bank of New York Mellon to MLBS under "CODENAME RIOBE" Enriqueta Rosarios de Betesh, Client No 109777-20230, non-listed shares payment detail, on September 17, 2007 or on the following days.

| Place: U.S. Attorney's Office, Southern District of New York 86 Chambers Street, 3rd Floor, New York, NY 10007 | Date and Time: |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

        The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: _____

| *CLERK OF COURT* | OR | |
|---|---|---|
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*  Letter Rogatory:  Court of First Instance in Commercial Matters No. 8, Buenos Aires, Argentina  , who issues or requests this subpoena, are:

Ellen Blain, Assistant United States Attorney, 86 Chambers Street, 3rd Floor, New York, NY 10007
ellen.blain@usdoj.gov.  Telephone:  212-637-2743

Civil Action No.

# PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ ___0.00___ .

I declare under penalty of perjury that this information is true.

Date: _____          _____

                                                    *Server's signature*

                                        _____

                                                    *Printed name and title*

                                        _____

                                                    *Server's address*

Additional information regarding attempted service, etc:

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information;

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

**(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------x

IN RE:                                    :      EX PARTE ORDER
                                          :
LETTER ROGATORY REQUEST FOR               :      M 10-7
INTERNATIONAL JUDICIAL                    :
ASSISTANCE FROM THE COURT OF              :
FIRST INSTANCE IN COMMERCIAL              : ·
MATTERS NO. 8, BUENOS AIRES,              :
ARGENTINA IN THE MATTER OF                :
ROSARIOS, ANDRÉS DARÍO V.                 :
HOTUSA S.A. ARGENTINA ET AL.              :
                                          :

------------------------------x

WHEREAS, the United States of America, by its attorney, Preet Bharara, United States Attorney for the Southern District of New York, on behalf of the Court of First Instance in Commercial Matters No. 8, Buenos Aires, Argentina, is seeking to obtain information from BANK OF NEW YORK MELLON, in New York, New York, for use in connection with a judicial proceeding in the Court of First Instance in Commercial Matters No. 8, Buenos Aires, Argentina;

NOW THEREFORE, it is hereby ORDERED, pursuant to 28 U.S.C. § 1782(a) and Rule 28(a) of the Federal Rules of Civil Procedure, that ELLEN BLAIN, Assistant United States Attorney, Southern District of New York, be and hereby is appointed as Commissioner, to take such steps as are necessary to obtain information from BANK OF NEW YORK MELLON; to submit said information to the United States Attorney for the Southern District of New York for transmission to the United States

1

Department of Justice or its designee; and to do all else that may be necessary for the accomplishment of the purpose of this Order.

IT IS FURTHER ORDERED that the United States Attorney's Office shall serve BANK OF NEW YORK MELLON, with a copy of this Order and the accompanying documents on or before April 30, 2013.

Dated:    New York, New York
          _____ _____, 2013


                                    _____
                                    UNITED STATES DISTRICT JUDGE